DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUDE MOISE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2571

[July 9, 2025]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael J. Linn, Judge; L.T. Case No. 2023CF000102A.

Daniel Eisinger, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON CONFESSION OF ERROR**

GERBER, J.

The defendant appeals from the circuit court's order denying the defendant's Florida Rule of Criminal Procedure 3.800(b)(2) motion to correct sentencing errors. In the motion and in this appeal, the defendant has argued the circuit court's written costs order is erroneous in two respects: (1) by assessing $50 for investigative costs when the state did not request such costs and the circuit court did not orally impose such costs; and (2) by imposing $200 for prosecution costs when the circuit court had orally pronounced $100 for prosecution costs.

The state concedes error on both grounds, with which we agree. As we held in *McNaughton v. State*, 369 So. 3d 304 (Fla. 4th DCA 2023):

> As to investigative costs, our supreme court has held that investigative costs cannot be imposed where the State fails to request such costs before the judgment. *See Richards v. State*, 288 So. 3d 574, 577 (Fla. 2020). In that instance, the State is not entitled to a second opportunity to request

investigative costs on remand because section 938.27(1), Florida Statutes (2022), requires that the request be made before judgment is entered. *Richards*, 288 So. 3d at 576–77; *see also Desrosiers v. State*, 286 So. 3d 297, 300 (Fla. 4th DCA 2019). Here, the State did not request investigative costs prior to judgment. We therefore reverse and remand with instructions to strike the investigative costs. Under *Richards*, the State cannot request investigative costs on remand.

Turning to prosecution costs, we have explained that reversal of prosecution costs above the statutory minimum … is warranted when the State fails to request a higher amount. *Bartolone v. State*, 327 So. 3d 331, 336 (Fla. 4th DCA 2021). However, even post-*Richards*, when courts have imposed additional prosecution costs without request, we have remanded with instructions to either impose the statutory minimum "*or to impose additional costs if sufficient findings are made.*" *Id.*

369 So. 3d at 306 (other internal citations omitted).

Consistent with *McNaughton*, we reverse the circuit court's order denying the defendant's rule 3.800(b)(2) motion and the circuit court's written costs order to the extent argued herein. We remand for the circuit court to enter an amended written costs order imposing zero for investigative costs and $100 for prosecution costs, unless the state seeks and proves a greater amount for prosecution costs only.

*Reversed and remanded with directions.*

DAMOORGIAN and LEVINE, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***